UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| GREGORY C. MERRITT | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-06-691 |
| | § | |
| SGT. CORN | § | |

## OPINION AND ORDER

Before the Court is the "Motion for Summary Judgment" of Defendant James Corn; the Motion seeks the complete dismissal of the Amended Complaint of Plaintiff, Gregory C. Merritt. The Court, having considered the Motion, Merritt's response, and Corn's reply now issues this Opinion and Order.

The facts in the light most favorable to Merritt are as follows.  Late at night on October 17, 2006, Merritt and a friend, Derrick Megress, were walking past the AutoMainland business premises in Texas City, Texas.  The business was closed at the time.  At the property they stopped and Megress left Merritt and went around the AutoMainland building.  After waiting for Megress for 6 to 8 minutes, Merritt went around the building to see if anything had happened to Megress. After going around the building Merritt heard Megress making noises from inside the building. Merritt did not enter the building, but waited for Megress to come out.  After about 6 minutes, a number of Texas City Police Officers arrived, including Defendant Corn, a canine officer with his German Shepherd.  The officers ordered Merritt to "Get on the ground."  Merritt complied and was handcuffed.  When asked where his "friend" (Megress) was, Merritt said "I don't know." He was then accused of lying and told that if he did not tell the officers where Megress was they were going to let the dog bite him.  Merritt refused to cooperate and the dog did bite him on the right leg.  Merritt was arrested.  He was transported to the Texas City Jail by an officer other than

Corn.  At the Jail, Corn came to Merritt's cell and took some photographs of his leg.  That is the last time Merritt ever saw Corn in connection with the facts giving rise to this litigation.  Two days later, Merritt was transferred to the Galveston County Jail where he received medical treatment for the dog bite.

On October 24, 2006, while still in the County Jail, Merritt filed this lawsuit against Corn alleging the use of excessive force -- the dog bite -- and the denial of adequate medical care.  On April 30, 2007, Merritt was convicted of attempted burglary and on May 10, 2007, he was convicted of resisting arrest; both convictions were as a result of the incident made the basis of this suit.

## Excessive Force Claim

As correctly briefed by Corn, Merritt's excessive force claim is barred by the United States Supreme Court decision in Heck v. Humphrey, 512 U.S. 477 (1994), which held that a Section 1983 claim which, if successful, would imply the invalidity of the Plaintiff's conviction, does not accure until the conviction is vacated.  For Merritt to prevail on a § 1983 claim, he must first prove that he suffered a violation of a constitutional right.  Siegert v. Gilley, 500 U.S. 226, 232 (1991)    The amount of force used in perfecting an arrest may be found to be unconstitutional, however, Merritt's conviction for resisting arrest precludes such a finding here.  Resisting arrest involves the use of force against a police officer.  Texas Penal Code § 38.03(a)    Therefore, Merritt's conviction establishes that he did, despite his present testimony to the contrary, use force against the arresting officers.[1]  The fact that he may have pleaded *nolo contendere* to the resisting arrest charge is irrelevant in this context.  See Watson v. City of New Orleans, 275 F.3d 46, 2001

---

[1] Of course, the officers have all testified that Merritt did, indeed, use force against them and that he kicked at the dog which prompted the bite.

WL 1268716 (C.A. 5 (La.)) see also Alatraqchi v. City and County of San Francisco, 2001 WL

637429 (N.D. Cal.) (Federal Rule of Evidence 410 does not prohibit consideration of a conviction

resulting from a *nolo* plea by a court conducting a Heck analysis.)   All of the force used against

Merritt occurred during his arrest; consequently, Merritt's claim relates to the specific actions on

which his conviction is based.  Since Merritt's claim, if proved, would necessarily imply the

invalidity of his conviction for resisting arrest, his claim is barred by Heck.  See Hudson v.

Hughes, 98 F.3d 868, 873 (5th Cir. 1996), see also Sappington v. Bartee, 195 F.3d 234 (5th Cir.

1999); Hainze v. Richards, 207 F.3d 795 (5th Cir. 2000)

## Medical Care Claim

Merritt simply cannot prove that Corn was deliberately indifferent to his medical needs.

Corn was never Merritt's custodian.  He had no responsibility to provide medical care to Merritt

under the facts of this case.  There is no evidence Corn interfered with or delayed any medical

care.  And, finally, the medical care Merritt received was adequate, at least for purposes of the

Eighth Amendment.  See e.g. Bass v. Sullivan, 550 F.2d 229 (5th Cir. 1977)

## Conclusion

For the foregoing reasons, it is the **ORDER** of this Court that the "Motion for Summary

Judgment" (Instrument no. 24) of Defendant James Corn is **GRANTED** and all claims asserted

by Plaintiff, Gregory C. Merritt, against Corn are **DISMISSED**.

**DONE** at Galveston, Texas, this _____22nd_____ day of October, 2007.

_____

John R. Froeschner
United States Magistrate Judge